IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M. G. | : | CIVIL ACTION |
| *A STUDENT WITH A DISABILITY,* | : | |
| *BY T.G. AND M.G., HER PARENTS* | : | |
| | : | |
| v. | : | |
| | : | |
| THE EASTON AREA | : | NO. 23-1659 |
| SCHOOL DISTRICT | | |

## OPINION

Plaintiffs T. G. and M.G. ("Parents"), individually and on behalf of their child M.G., brought this action against Defendants Easton Area School District ("the District") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Plaintiffs now move for reasonable attorneys' fees and costs under the IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(I) related to the underlying due process hearing and decision of the hearing officer. Specifically, Plaintiffs seek an award of $30,650.00 in attorneys' fees and $402.00 in costs. For the reasons set forth below, I will **remand** the case back to the Special Education Hearing Officer, Cathy A. Skidmore, Esquire, for clarification of the Final Decision and Order.

I.    FACTUAL AND PROCEDURAL HISTORY

This matter arises from the decision of the Special Education Hearing Officer in the case of Easton Area School District student M.G. Through her parents, M.G. alleges that Easton Area School District deprived Parents of their due process rights to grant or decline permission for the District to conduct a reevaluation of their child with a disability. Doc 1, 6.

M.G. transferred to the District in December 2021 during her 11th grade year. Doc 1, 3. At her previous school, she was identified as a special education student due to Intellectual Disability, Speech and Language Impairment and Vision Impairment. *Id*. The District assessed

1

M.G. on April 23, 2022 to evaluate her eligibility for special education services for the upcoming year. *Id*. On January 5, 2023, the District issued a "Permission to Reevaluate" request to Parents to conduct a full evaluation of M.G. *Id*. at 4. Parents declined permission as "they did not see a reason to conduct another full evaluation at that time." *Id*. Parents wanted the District to follow the procedural requirements of the IDEA, which state that a reevaluation of a child with a disability occur "not more frequently than once a year, unless the parent and local educational agency agree otherwise." Doc. 16, 2; 20 U.S.C.A. § 1414. The District then filed a due process complaint on February 16, 2023, seeking permission from the Hearing Officer to proceed with the proposed evaluation without Parents' consent. Doc. 1, 4. The District issued a second request for permission from Parents on March 9, 2023. *Id*. Parents again declined to consent. *Id*.

The Special Education Hearing officer conducted a one-day due process hearing for the purpose of deciding whether the District should have been "permitted to override Parents' lack of consent to a new reevaluation." Doc. 16-4, 3. The Hearing Officer issued a decision on April 1, 2023, coupled with an Order granting the District's request to conduct the evaluation without Parents' consent. *Id*. at 14.

The issue of providing services and a need for evaluation became moot shortly thereafter because Parents decided M.G. would graduate from the school on May 26, 2023. Thus, the only issue remaining in this case is Parents' Motion for Attorney Fees and Costs.

## II.     ATTORNEY'S FEES UNDER THE IDEA

The IDEA's fee provision provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). A prevailing party, "must be 'successful' in the sense that it has been awarded

some relief by a court." *John T. ex rel. Paul T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 556 (3d Cir. 2003) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 603-4 (2001)). The prevailing party must succeed on "the merits of at least some . . . claims" or receive "at least some relief on the merits." *Buckhannon*, 532 U.S. at 603. To show such success, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).

### III.     THE HEARING OFFICER'S FINAL DECISION AND ORDER

Remanding this case is necessary due to the inconsistencies throughout the Hearing Officer's Final Decision and Order that leave the Court uncertain of the prevailing party.

The Hearing Officer began the opinion with her conclusion, explaining that "following review of the record and for all of the reasons set forth [thereafter], the District's claim must be granted." Doc 16-4, 2. One might conclude from this statement that the Hearing Officer intended to permit the District to reevaluate without Parents' permission and without limitations on timing of the reevaluation. This statement indicates the District is the prevailing party.

Later, the Hearing Officer seemingly contradicts her favorable decision for the District, by adding that "the reevaluation may begin on April 24, 2023, so that one full calendar year will have elapsed since the previous reevaluation." *Id*. at 12-13. The Hearing Officer appeared to intend to prevent the District from reevaluating M.G. prior to the end of the one-year period. *Id*. This time limitation aligns with *Parents'* position, as they objected to a reevaluation before one full year elapsed after the April 23, 2022 evaluation. Because of this alignment, one might conclude Parents are the prevailing party.

Finally, the Hearing Officer again contradicted herself in the accompanying Order. There, the Hearing Officer ordered that "The District may conduct a reevaluation of Student consistent with the March 2023 [Permission to Reevaluate Form] ("PTRE"), to begin no later than April 24, 2023, without the consent of the parents." *Id*. at 14. The Hearing Officer added that the District shall expedite the reevaluation process to "the extent reasonably practicable." *Id.* The Order's language further confuses the issue, as the Order requires the evaluation to occur *no later* than April 24, whereas the Opinion indicates a reevaluation to occur *not earlier* than April 24. *Id*. at 13-14. These opposing timelines would leave only 24 hours to conduct the evaluation. Given the April 23, 2022 prior evaluation date, an evaluation occurring before April 24, 2023, would happen within the one-year limitation period, meaning the District prevails. An evaluation after April 24, 2023, would occur beyond the one-year period, meaning Parents prevail. These statements directly contravene each other and cloud the Court's ability to determine the true prevailing party.

## IV.     CONCLUSION

Based on the aforementioned, it is unclear to the Court which party prevailed in this due process proceeding based on the misleading language of the Special Education Hearing Officer's Final Decision and Order. The Court must remand to the administrative level for a clarified Final Decision and Order indicating the prevailing party.

## ORDER

The case is **REMANDED** to the Hearing Officer for clarification as to whether Parents or the District prevailed in the underlying due process hearing and decision of the Hearing Officer.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE